**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 1 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-3847 |
| Plaintiff - Appellee, | D.C. No. 4:22-cr-00195-DCN-1 |
| v. | |
| KEISHA MICHELLE CODY, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted April 22, 2025**

Before:    GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Keisha Cody appeals from the district court's judgment and challenges the

60-month sentence imposed following her guilty-plea conviction for felony injury

to a child in violation of 18 U.S.C. §§ 13 and 1153. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cody claims the district court procedurally erred by using the statutory maximum, rather than the Guidelines range, as its starting point, and by inadequately explaining its reasons for the substantial upward variance from the Guidelines. Reviewing for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), we conclude there is none. As Cody concedes, the court correctly calculated the Guidelines range. It then discussed the 18 U.S.C. § 3553(a) sentencing factors, along with the aggravating and mitigating circumstances of Cody's case, and concluded that the "egregious conduct and the indifference to life of this little boy demands more than a guideline sentence." This record reflects that the court met its sentencing obligations. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc).

Cody also claims her sentence is substantively unreasonable because the district court's reasons for imposing a sentence twice as long as the high end of the Guidelines range were illogical and unsupported, and the court relied on factors that were already accounted for in the Guidelines calculation. We conclude the district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The court's reasons for the sentence are supported by the record as a whole, and the above-Guidelines sentence is substantively reasonable in light of the § 3553(a) factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51; *see also United States v. Christensen*, 732 F.3d 1094, 1100-01 (9th Cir. 2013)

(it is not impermissible "double counting" for a sentencing court to vary upwards from the Guidelines range after concluding the Guidelines do not sufficiently account for the harm caused by the defendant's conduct).

**AFFIRMED.**